### HEATH UNIT TILE CO. v. AMERICAN FIRE BRICK CO. et al.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1922.)

No. 3701.

Patents ⬦⟹328—1,215,149, for improvement in hollow wall construction, held valid and infringed.

The Heath patent, No. 1,215,149, for improvement in hollow wall construction, was not anticipated and discloses patentable invention; also *held* infringed.

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States, for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Suit in equity by the Heath Unit Tile Company against the American Fire Brick Company and the Richey & Gilbert Company. Decree for defendants, and complainant appeals. Reversed.

Bates & Macklin, of Cleveland, Ohio, and L. L. Westfall, of Spokane, Wash. (John H. Miller, of San Francisco, Cal., and Justin W. Macklin, of Cleveland, Ohio, of counsel), for appellant.

M. E. Mack, of Spokane, Wash., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The patent involved, No. 1,215,149, granted in 1917 to Frederick Heath, is for an improvement in hollow wall construction. The particular claim under which the inventor defines his improvement is:

"2. A building wall composed of horizontal courses each formed of blocks having a single void, and other blocks having three voids arranged parallel longitudinally, the blocks being laid adjacently and alternating with each other, the central void of the three void block being in direct vertical alignment with the space between the blocks in adjacent courses, as described."

From a decree dismissing the complaint, appeal was taken, and the question presented is: Was the wall patentable, or did it involve mere mechanical skill? The Court of Appeals of the District of Columbia (In the Matter of Application, Heath Patent, 1044, C. A. D. C.) held that there was invention, but the District Court, from which the present appeal is taken, held that the device was a mere combination of old elements, such as would occur to any practical man familiar with the prior art.

The Heath wall construction includes alternating bonds transversely of the wall at every course. Evidence is that in its use true vertical alignment of web occurs, and the wall has continuous horizontal mortar beds between the courses throughout the thickness of the wall. The voids in the wall are sealed one from the other, thereby insuring more perfect insulation from heat and cold. Experts testified that the structure has greater strength of wall than prior hollow wall construction, in that there is greater solidity, due to the bonding of the units, and that the construction is very much more economical than that which had been followed prior to Heath's invention. Heath testified that he devised a three-void block, with a narrow intermediate void between two vertical webs, of proportions which had not been previously used, and the result gave only one thickness of wall, but that afterwards he used a tile having two voids, with two center webs, and a single tile, so that, when the tiles are laid in an interlocking bond, there is an alignment of the bearing webs one over the other. The particular advantage of this is that it gives a level bed for spreading the mortar, so that it is easy for the mason to level up his work, and the alignment of web remains constant as the distance between the two tiles is gauged by the fingers as a mason spaces common brick.

The prior art shows a patent to Denison, 455,667, for an improvement in building blocks. The blocks made by Denison are hollow, provided with webs so arranged that, when the blocks are built into a wall, the webs stand in vertical tiers, the system of heads and tongues making continuous interlocking in the courses and breaking the joints between them, so that the wall is said to be tighter and stronger against any lateral strain than the ordinary wall. Denison uses the same number of webs, with like thickness and similar over all measurements. The Denison block is formed with a head, and tongue projecting from the side, so that in laying the wall it is necessary to place mortar upon the two surfaces, and then put the tile down in place and bring it to a bearing. There is credible explanation to the effect that often the mortar placed upon the different surfaces did not result in getting a smooth bearing up and down in the webs, and the result was that a wall so constructed was not as strong as one where the mortar can be put upon a level surface and the block brought to a bearing under more exactly similar conditions to those existing in laying brick and stone. It also appeared that there is much greater probability of breaking the joints of the bond and the alignment of the webs in using the Denison block, because there are three different beds in a 12-inch wall, which results in the necessity of using buttresses and pilasters, and thus there is the probability of continual "stepping down" of the work.

Bynum's patent, 744,480, shows hollow tile laid horizontally, one block wide to each course, with no suggestion of alternating bond. A wall constructed with more than a single block in width would have no method provided of interlocking for the breaking of joints, and where the blocks are laid side by side, a vertical web would be of double width, and thus there would be lack of uniformity of width of web, a controlling feature of the Heath invention. As pointed out by the Court of Appeals of the District of Columbia in reversing the decision of the Commissioner of Patents, who held appellant not entitled to patent:

"Appellant's method of joining the block, so that a void equal to that extending through the center of the block is maintained, belongs to his device and no other. This is one of the principal features of his wall construction. It is novel, and marks a decided step forward in the art."

Johnson's patent, 837,572, shows a block similar in contour to the block used in the Heath wall, but the block is designed to be set on end in wall construction, so that the voids will be vertical. The assemblage of the blocks appears to be materially different from that employed in the Heath structure. The attempt to show that it is practicable to lay the blocks with the hollows or voids horizontal, as, for instance, in a 12-inch wall, is not persuasive. Johnson's block and the Johnson patent contemplate vertical construction, where each block is the full thickness of the wall, except for columns. The suggestion that a bricklayer would lay one course and then take his hammer and break the tile in two, as he would break off a brick, even if followed, would not necessarily bring about the feature of the Heath patent. Vertical construction was the practice followed in using the Johnson block or wall construction; the blocks being each of the full width of the thickness of the wall.

Lovett's patent, 814,973, shows two single voids only, one larger than the other, where an interlocking bond or overlapping one is obtained, but where the single web is on the inside of the single block; the web standing directly over a void in the block below, the single web being reversed in each course, with the result that there is a single course of direct bearing web in the center of the wall. Lovett, in constructing a wall 12 inches in width, has but three continuous webs vertically one over the other, while Heath obtained six vertical webs one over the other. While there is a similarity of the reversing of the blocks used by Heath and Lovett, where one is over the other in alternate courses, it is only in the center where the webs run one over the other.

The record clearly shows rapid commercial success of the Heath construction, with a very large increase in the demand for the Heath tile, and that to a great extent the use of the Heath device has replaced the Denison tile and common brick. Such evidence is entitled to considerable weight, and, while the invention is a narrow one, we believe it is fairly entitled to be regarded as combining elements old, but not formerly found, in hollow wall construction, and that Heath has provided a new and useful result.

The decree is reversed, and the cause is remanded, with directions to enter a decree in favor of the plaintiff below, granting writ of injunction, together with an order for an accounting as prayed for, and for costs.